IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRICIA Y CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-171 (MTT) |
| | ) |
| JUDICIAL ALTERNATIVES OF GEORGIA, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Tricia Clark, who is proceeding *pro se*, brought this action pursuant to Title VII of the Civil Rights Act of 1964.  The Plaintiff alleges she was terminated from her employment at Judicial Alternatives of Georgia ("JAG") after being involved in an incident that occurred on January 13, 2014.  (Doc. 1 at 3).  She alleges she was treated differently than her male co-worker, Zachary McCullers, because both were involved in similar incidents but were disciplined differently: McCullers was given a choice of resigning or going to another office, while the Plaintiff was terminated.  (Doc. 1 at 3).  The Court granted the Plaintiff's motion to proceed *in forma pauperis* and ordered service on the Defendant by the United States Marshal Service.  (Doc. 4).

"Defendant Kenneth Kight" has now moved to dismiss the Plaintiff's complaint. (Doc. 8 at 1).  Kight acknowledges that the Plaintiff was employed by JAG; that he is "one of several owners of JAG … [and] was responsible for management of the JAG office where she worked"; and that the Plaintiff filed an EEOC charge of discrimination against JAG and received a right-to-sue letter.  (Doc. 8-1 at 1-3).  However, Kight

argues the complaint fails to state a claim against him because "he cannot be sued in an individual capacity under Title VII." (Doc. 8-1 at 6). According to Kight, the Plaintiff brought this action "*against Defendant Kight*"; the "Plaintiff *did not* sue JAG, her employer"; and "JAG is not a party to this lawsuit." (Doc. 8-1 at 3, 9 n.4) (emphasis in original). In support, Kight argues that the complaint "names Defendant Kight as the sole Defendant in this action" and that "[t]he Court issued and addressed the Waiver of Service of Summons 'To: Kenneth Kight.'" (Doc. 8-1 at 4).

The Plaintiff initiated this action by filing a Title VII form complaint. The complaint lists "Kenneth Kight - Judicial Alternatives of Georgia" as the defendant's name, the names of more than 30 cities as the location of the defendant's principal offices, "probation office" as the nature of the defendant's business, and "100+" as the approximate number of individuals employed by the defendant. (Doc. 1 at 1). The complaint also lists "Kenneth Kight, white male - owner of *the company*" as the individual who "allegedly discriminated against [her] during the period of [her] employment with *the defendant company*." (Doc. 1 at 3) (emphasis added). Accordingly, this case is not against Kight in his individual capacity. It is against JAG. To the extent the Plaintiff's *pro se* complaint can be construed to sue both JAG and Kight, Kight is dismissed. JAG remains in the case, although it has not filed responsive pleadings.[1] The style of the case has been changed accordingly.

---

[1] The Court notes that Kight's brief contains a footer revealing the path used by counsel to save documents. The path suggests, not surprisingly, that counsel represents JAG.

Finally, the Court ordered the Plaintiff to show cause why this case should not be dismissed for the reasons stated in Kight's motion to dismiss[2] or for her failure to comply with this Court's orders. (Docs. 10; 11). In response, the Plaintiff contends she has been unsuccessful in obtaining counsel but has secured two witnesses and their notarized statements. (Doc. 12 at 1). The Plaintiff is **ORDERED** to amend her complaint by December 4, 2015 to allege any additional information she might have. The Plaintiff is advised that she must diligently prosecute this action and comply with this Court's orders or face the possibility that the action will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.

**SO ORDERED**, this 18th day of November, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] At this point, the only relevant argument raised by Kight's motion is that the Plaintiff has failed to allege how McCullers was similarly situated or engaged in similar conduct.